IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CV-00126-D

| | | |
|---|---|---|
| QUALITY LABOR MANAGEMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) ) | |
| TERRY "SHEA" ADAMS, | ) ) | |
| Defendant. | ) | |

On April 29, 2021, Quality Labor Management, LLC ("Quality Labor" or "plaintiff") filed an amended complaint against Terry "Shea" Adams ("Adams" or "defendant") alleging various claims arising out of a business relationship between the parties [D.E. 10]. On May 12, 2021, Adams moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and filed a memorandum in support and exhibits [D.E. 12, 13]. On June 2, 2021, Quality Labor responded in opposition [D.E. 14]. On June 15, 2021, Adams replied [D.E. 15]. As explained below, the court denies Adams's motion.

As for Adams's motion under Rule 12(b)(1), the court has reviewed the record and the parties' arguments under the governing standard. See, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 187–88, 195–96 (1990); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120–21 (4th Cir. 2004); Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998). Adams challenges the sufficiency of the amended complaint, not the truth of the underlying jurisdictional facts. See [D.E. 13] 7–11, [D.E. 15] 1–4. Accordingly, "all the facts alleged in the [amended] complaint are assumed to be true," and the court affords Quality Labor "the same procedural protections as [it] would receive under a Rule 12(b)(6) consideration." Adams v. Bain,

697 F.2d 1213, 1219 (4th Cir. 1982); see Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009). Thus, taking the facts in the amended complaint and reasonable inferences drawn therefrom as true, the court finds that it has diversity jurisdiction over this lawsuit. Accordingly, the court denies Adams's motion to dismiss under Rule 12(b)(1). If discovery suggests that diversity jurisdiction does not exist, Adams may renew his Rule 12(b)(1) motion.

As for Adams's motion under Rule 12(b)(6), the court has reviewed the record and the parties' arguments under the governing standard. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering the motion, the court construes the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted). Taking the allegations in the amended complaint and all reasonable inferences drawn therefrom as true, Quality Labor has "nudged [its] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 547. Accordingly, the court denies Adams's motion to dismiss under Rule 12(b)(6). Whether the claims will survive defendant's inevitable motion for summary judgment is an issue for another day.

In sum, the court DENIES WITHOUT PREJUDICE defendant's motion to dismiss [D.E. 12]. If the parties desire to participate in court-hosted settlement conference, the court will make a United States Magistrate Judge available. The parties shall inform the court not later than November 19, 2021, whether they desire to have a court-hosted settlement conference. Otherwise, the parties shall confer and file a discovery plan pursuant to Federal Rule of Civil Procedure 26.

2

SO ORDERED. This 3 day of November, 2021.

/s/ James C. Dever<br>
JAMES C. DEVER III<br>
United States District Judge